IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00148-RJC
(3:06-cr-00421-RJC)

| | |
|---|---|
| SHERWOOD DALE ALEX, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** comes before the Court on consideration of Petitioner's Motion to Vacate, Set Aside or Correct Sentence which is filed through counsel pursuant to 28 U.S.C. § 2255, (Doc. No. 1), and the Government's Response, (Doc. No. 5). For the reasons stated herein, Petitioner's § 2255 Motion to Vacate will be granted.

I.  BACKGROUND

On November 14, 2006, Petitioner was indicted on one count of being a felon-in-possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and on June 11, 2007, on the eve of trial, Petitioner pleaded guilty without a plea agreement. (3:06-cr-00421, Doc. No. 1: Bill of Indictment). In Petitioner's presentence report ("PSR") the probation officer concluded that Petitioner qualified as an armed career criminal pursuant to 18 U.S.C. § 924(e) ("ACCA"), and USSG § 4B1.4, based on five counts of common law robbery and one count of robbery with a dangerous weapon, all of which convictions occurred in North Carolina state court. (Id., Doc. No. 25: PSR ¶¶ 23, 28-30, 32). On November 20, 2007, Petitioner was sentenced to the statutory, mandatory minimum term of 180 months' imprisonment and he did not appeal. (Id., Doc. No. 20: Judgment).

1

II.   STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

III.   DISCUSSION

In his § 2255 Motion to Vacate, Petitioner challenges his designation as an armed career criminal contending that his North Carolina convictions for common law robbery are no longer proper, predicate convictions under the ACCA. (Doc. No. 1: Motion to Vacate). The Government has filed a response and agrees that Petitioner is entitled to sentencing relief on this basis. (Doc. No. 5).

Under the ACCA, a defendant that is convicted of a § 922(g) offense faces a sentence of no less than 15 years nor more than life imprisonment if he has three qualifying convictions for either a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1). The ACCA defines a violent felony as "any crime punishable by imprisonment for a term exceeding one year ... that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another.*"

18 U.S.C. § 924(e)(2)(B)(i)(ii). See Johnson v. United States, 135 S. Ct. 2551, 2556 (2015) ("The closing words of this definition, italicized above, have come to be known as the Act's

2

residual clause.").[1] In Johnson, the Court held that the residual clause of the ACCA was void for vagueness and therefore unconstitutional. In Welch v. United States, the Supreme Court held that the holding in Johnson applies retroactively to cases on collateral review. 136 S. Ct. 1257 (2016).

The Fourth Circuit recently examined the impact of the holding in Johnson to resolve the question of whether the offense of North Carolina common law robbery categorically qualified as a violent felony under the ACCA. The appellate court reasoned that the offense of common law robbery "may be committed by the alternative means of violence or fear. Accordingly, if either means of committing this crime does not require the 'use, attempted use, or threatened use' of 'physical force,' then North Carolina common law robbery does not categorically match the force clause of the ACCA." United States v. Gardner, 823 F.3d 793, 801-04 (4th Cir. 2016) (internal citation omitted).[2] Based on the foregoing, the appellate court found that North Carolina common law robbery could only qualify as a violent felony under the ACCA by considering the offense under the residual clause, and because that clause was now deemed unconstitutional, the offense could no longer serve as a valid, predicate conviction to support a designation as an armed career criminal.

Because Petitioner no longer qualifies as an armed career criminal, his sentence of 180 months will be vacated, and as the parties note, Petitioner appears to have served more than the statutory maximum for a § 922(g) offense which is 120 months. After considering the parties' joint motion for relief without a resentencing hearing, the Court finds that an amended judgment should be entered which sentences Petitioner to time-served plus ten days, and reduces his period

---

[1] The ACCA defines a "serious drug offense" as an offense that carries a maximum term of ten years or more in prison under state or federal law. Id. § 924(e)(2)(A)(ii).
[2] On July 6, 2016, the Fourth Circuit denied the Government's petition for rehearing *en banc* in Gardner, and the Court's mandate issued on July 14, 2016.

3

of supervised release from 5 to 3 years. (Doc. No. 6: Joint Motion for Time-Served Sentence). All other conditions will be reimposed.

IV.   CONCLUSION

For the reasons stated herein, the Court finds Petitioner's Motion to Vacate should be granted.

**IT IS, THEREFORE, ORDERED** that:

1.   Petitioner's Motion to Vacate is **GRANTED** and his sentence will be **VACATED** for the reasons stated herein and an amended judgment shall be issued.

2.   The Clerk of Court is directed to certify copies of this Order to the Federal Bureau of Prisons, the United States Marshals Service, and the United States Probation Office.

The Clerk is directed to close this civil case.

**SO ORDERED.**

Signed: August 4, 2016

Robert J. Conrad, Jr.
United States District Judge